[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Kenneth Simon, was ineffective in assisting him in that he failed (1) to adequately investigate a defense; and (2) to subpoena the mother of the alleged victim who was a witness with potential exculpatory evidence. The petitioner withdrew paragraph 9 prior to the evidentiary portion of the hearing.
The petitioner was arrested on October 25, 1995 and subsequently charged with four (4) counts of Sexual Assault in the First Degree and four (4) counts of Risk of Injury to a Minor. On December 13, 1996 he was convicted by a jury of all eight (8) counts.
The petitioner only called himself as a witness. He testified that he was represented on his criminal trial by Simon and had CT Page 3293 discussed with him that he should call Maureen Dougherty, the mother of the alleged victim. Simon said the prosecutor was going to call her and he did see her in court during the trial. After the prosecution rested and had not called her, he told Simon to call her but he called the petitioner's wife as his only witness. Prior to the trial he had been asked by the investigator, Bob Bushey, where he could find Dougherty. Petitioner told him his wife would know because they visited all the time.
Simon, being called by the respondent, testified that he believed that the state was going to call Dougherty and he would be able to cross-examine her. He had learned from the petitioner that the victim wanted to leave her mother and said the child was making up the story so she could leave her mother and the mother was aware of it and did not believe her daughter. The alleged location of the crimes was the petitioner's home where the mother would deliver her for babysitting. He decided after his investigator interviewed her, Respondent's Exhibits B andC, that she was too emotional and, unlike reported by the petitioner, that she did believe her daughter. He thought a request for a Secondino charge was tactical. However the Secondino charge was refused. Because of her conduct with the child it would be necessary to advise that she have counsel.
He employed a theory of defense that the child was making up a story so she could live with her grandmother. The child had said that she would rather live in hell with the devil than go back to live with her mother who physically abused her, even to punching her in the nose.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v.Washington, 446 U.S. 668, 694. The petitioner has failed to prove how the result would be different. He had intended to call Dougherty. But obviously Dougherty would either not be available by pleading the Fifth Amendment or her testimony would be harmful. The petitioner better understood the tactical decision made by Simon on his criminal trial but in doing so has failed to carry his burden to prove how his counsel's representation fell below an objective standard of reasonableness. Aillon v.Meachum, 211 Conn. 352, 359.
For the above reasons the petition is denied. CT Page 3294
Thomas H. Corrigan, Judge Trial Referee